**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **PENOVIA LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **2:14-cv-00175-JRG** |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **GRIFFIN TECHNOLOGY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GRIFFIN TECHNOLOGY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT,**
**ADDITIONAL DEFENSES AND COUNTERCLAIMS**

For its Answer to the Complaint filed herein, Defendant Griffin Technology, Inc. ("Griffin") respectfully states as follows:

1.      Griffin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the same.

2.      Griffin admits that it is a Tennessee corporation that maintains a place of business in Nashville, TN.

3.      Paragraph 3 asserts a legal conclusion to which Griffin is not required to respond. To the extent that a response is required, Griffin contests that a cause of action arises under 35 U.S.C. § 101 *et seq.*, which assertion lacks sufficient particularity on which to base a claim.

4.      Paragraph 4 asserts a legal conclusion to which Griffin is not required to respond. To the extent that a response is required, Griffin refers to its Answer to paragraph 3, above, but does not contest that the Court has subject matter jurisdiction over actions arising under U.S. patent laws.  Griffin denies that Plaintiff is entitled to any relief that the Complaint requests.

5.      Griffin admits that its products are sold worldwide.  Griffin denies the remainder of the allegations in Paragraph 5 and specifically denies that it conducts substantial business in this forum.  Griffin specifically denies that it derives substantial revenue from goods and services provided to individuals in this district.  Griffin denies Plaintiff's infringement allegations.

6.      Paragraph 6 asserts a legal conclusion to which Griffin is not required to respond.  To the extent that a response is required, Griffin refers to its Answer to paragraph 5, above, but does not contest venue.  Griffin denies Plaintiff's infringement allegations.

7.      Paragraph 7 asserts legal conclusions to which Griffin is not required to respond.  To the extent that a response is required, Griffin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies the same.  Griffin further states that U.S. Patent No. 5,822,221 ("the '221 patent") speaks for itself.

8.      Paragraph 8 asserts legal conclusions to which Griffin is not required to respond.  To the extent that a response is required, Griffin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and, therefore, denies the same.  Griffin specifically denies that Plaintiff has standing to maintain the instant lawsuit.  Griffin denies that Plaintiff is entitled to any relief that the Complaint requests.

9.      Paragraph 9 reasserts Plaintiff's allegations of paragraphs 1 through 8, to which Griffin incorporates by reference its Answers, above.

10.     Paragraph 10 asserts legal conclusions to which Griffin is not required to respond.  To the extent that a response is required, Griffin denies all allegations of infringement of the '221 patent.  In addition to Griffin's general denial of all allegations of infringement of the '221 patent, Griffin further states that the '221 patent expired Oct. 13, 2010 (*see* '221 Patent Status,

Exs. 1-2),[1] thus precluding any claim by Plaintiff that the '221 patent was infringed by any party after such date, under 35 U.S.C. § 271.

11.      Paragraph 11 asserts legal conclusions to which Griffin is not required to respond. To the extent that a response is required, Griffin denies all allegations of infringement and specifically denies that Plaintiff has suffered any injury.  Griffin specifically denies that Plaintiff is entitled to any damages, recovery or relief that the Complaint requests, including but not limited to a reasonable royalty together with interest and costs.

Plaintiff's unnumbered prayer for relief follows Paragraph 11 and Plaintiff's demand for a jury trial, and includes sections A-D, each section asserting a legal conclusion to which Griffin is not required to respond.  To the extent that a response is required Griffin denies the allegations of sections A-D and states as follows: Griffin denies all allegations of infringement of the '221 patent; Griffin denies that Plaintiff has suffered any injury; Griffin denies that Plaintiff  is entitled to any damages, recovery or relief that the Complaint requests, including but not limited to interest, costs, expenses, and any accounting of Griffin's records; in addition to Griffin's general denial of all allegations of infringement of the '221 patent, Griffin further states that the '221 patent expired on Oct. 13, 2010 (*see id*.), thus precluding any claim by Plaintiff that the '221 patent was infringed by any party after such date—including any continuing or future infringement alleged in section B—under 35 U.S.C. § 271; Griffin denies that this case is exceptional under 35 U.S.C. § 285 and denies that Plaintiff is entitled to an award of attorneys' fees in any event; and, Griffin denies that Plaintiff is entitled to any relief at law or in equity.

All allegations not heretofore specifically admitted are expressly denied.

## DEMAND FOR JURY TRIAL

Griffin requests a trial by jury of all issues so triable in this action.

---

[1] All Exhibits cited herein are identified in the attached Declaration of Terry L. Clark.

In further Answer to the Complaint, Griffin alleges as follows:

## ADDITIONAL DEFENSES

12.      In further Answer to the Complaint and as additional defenses thereto, Griffin asserts the following affirmative defenses, without admitting any allegation of the Complaint not otherwise admitted and without altering any applicable burden of proof.  Griffin reserves the right to assert any other defenses that its ongoing fact investigation or discovery may reveal.

### FIRST ADDITIONAL DEFENSE – FAILURE TO STATE A CLAIM

13.      The Complaint fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE – LACK OF STANDING

14.      Plaintiff lacks standing to assert the '221 patent because assignment of the '221 patent to the Plaintiff did not transfer any enforceable rights, and the Plaintiff has not acquired any right to enforce the '221 patent.

### THIRD ADDITIONAL DEFENSE – NON-INFRINGEMENT

15.      Griffin does not and has not infringed directly, indirectly, literally, jointly, or under the doctrine of equivalents, nor induced others to infringe, any valid and enforceable claim of the '221 patent.

### FOURTH ADDITIONAL DEFENSE – INVALIDITY OF THE '221 PATENT

16.      Each and every claim of the '221 patent is invalid and/or unenforceable due to the failure to meet the requirements of the United States patent laws, 35 U.S.C. § 100, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 116, 132.

### FIFTH ADDITIONAL DEFENSE – LACHES, EQUITABLE ESTOPPEL, WAIVER, UNCLEAN HANDS

17.      Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, and unclean hands.

## SIXTH ADDITIONAL DEFENSE – PROSECUTION HISTORY ESTOPPEL, PROSECUTION DISCLAIMER

18.     Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or prosecution disclaimer.

## SEVENTH ADDITIONAL DEFENSE – FAILURE TO MARK

19.     Plaintiff's pre-lawsuit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

## EIGHTH ADDITIONAL DEFENSE – FAILURE TO MITIGATE

20.     To the extent that Plaintiff has suffered any damages, which is denied, it is due to its own failure to mitigate those damages.

## NINTH ADDITIONAL DEFENSE – LACK OF PROXIMATE CAUSATION

21.     To the extent that Plaintiff has incurred any damages, which is denied, such damages are not the proximate result of any actions or omissions of Griffin.

## COUNTERCLAIMS

1.     Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to its right to plead additional counterclaims as the facts of the matter warrant, Griffin Technology, Inc. ("Griffin") hereby asserts the following Counterclaims against Penovia LLC. ("Penovia"):

## PARTIES

2.     Upon information and belief, Counter-Defendant Penovia is a Texas limited liability company that maintains a place of business located at 3400 Silverstone Drive, Suite 191B, Plano, TX 75023.

3.     Counter-Plaintiff Griffin is a Tennessee corporation that maintains its principal place of business in Nashville, Tennessee.

## JURISDICTION AND VENUE

4.      By filing the Complaint, Penovia has consented to the personal jurisdiction of this Court.

5.      In view of the filing by Penovia of the Complaint, and Griffin's defenses thereto, an actual and justiciable controversy exists between the parties regarding the validity and alleged infringement of U.S. Patent No. 5,822,221 ("the '221 patent").

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) and § 1400(b) because Penovia is organized under the laws of the State of Texas, is subject to personal jurisdiction in this district, and filed a complaint for patent and trademark infringement in this district.

## COUNT ONE
## Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,822,221

7.      Griffin restates and incorporates by reference all of its allegations in Paragraphs 1-6 of its Counterclaims, as set forth above.

8.      Penovia has asserted claims against Griffin for alleged infringement of the '221 patent.

9.      Griffin denies Penovia's allegations of infringement.

10.     An actual case or controversy exists between Penovia and Griffin as to whether the '221 patent is infringed by Griffin.

11.     A judicial declaration is necessary and appropriate so that Penovia and Griffin may ascertain their respective rights regarding the '221 patent.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Griffin is entitled to a finding that Griffin has not and does not infringe, directly or indirectly,

either literally or under the doctrine of equivalents, any valid and enforceable claim of the '221 patent.

## COUNT TWO
## Declaratory Judgment of Invalidity of U.S. Patent No. 5,822,221

13.     Griffin restates and incorporates by reference all of its allegations in Paragraphs 1-12 of its Counterclaims, as set forth above.

14.     Penovia has asserted claims against Griffin for alleged infringement of the '221 patent.

15.     Griffin denies Penovia's allegations of infringement and asserts that the '221 patent is invalid for the reasons stated in its Additional Defenses, incorporated herein by reference.

16.     An actual case or controversy exists between Penovia and Griffin as to whether the claims of the '221 patent are invalid.

17.     A judicial declaration is necessary and appropriate so that Penovia and Griffin may ascertain their respective rights as to whether the claims of the '221 patent are invalid.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Griffin is entitled to a finding that the claims of the '221 patent are invalid.

## EXCEPTIONAL CASE

19.     On information and belief, and in addition to the reasons set forth in Griffin's Additional Defenses and Counterclaims, this is an exceptional case entitling Griffin to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Penovia's assertion of the '221 patent without a reasonable belief that Griffin infringes any valid or enforceable claim of the '221 patent.

## DEMAND FOR JURY TRIAL

20.     Griffin requests a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Griffin prays for the following relief:

21.     Dismissal with prejudice of the claims in Penovia's Complaint;

22.     A judgment in favor of Griffin on all of its Counterclaims;

23.     A declaration that Griffin has not and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '221 patent;

24.     A declaration that every claim of the '221 patent is invalid;

25.     Costs, disbursements and attorneys' fees; and

26.     Such other and additional relief as the Court deems just and proper.

Respectfully submitted,


/s/ *Darby V. Doan*
Darby V. Doan
Texas Bar No. 00793622
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone:     (903) 255-1000
Facsimile:     (903) 255-0800
Email:         ddoan@haltomdoan.com

Terry L. Clark (*pro hac vice to be filed*)
Jason M. Rockman (*pro hac vice to be filed*)
BASS, BERRY & SIMS, PLC
1201 Pennsylvania Avenue NW, Suite 300
Washington, DC  20004
Telephone: (202) 827-2950
Facsimile: (202) 478-0792
tclark@bassberry.com
jrockman@bassberry.com

**ATTORNEYS FOR DEFENDANT
GRIFFIN TECHNOLOGY, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 9, 2014, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


<u>/s/ *Darby V. Doan*</u>
Darby V. Doan