**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PENOVIA LLC, | ) |
|             Plaintiff, | ) |
|    v. | ) Case No. 2:14-cv-00175-JRG |
| GRIFFIN TECHNOLOGY INC., | ) **JURY TRIAL DEMANDED** |
|             Defendant. | ) |

**PLAINTIFF PENOVIA LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION
TO DISMISS DEFENDANT GRIFFIN TECHNOLOGY INC.'S
<u>INVALIDITY COUNTERCLAIM</u>**


Dated: June 2, 2014                          */s/Andrew W. Spangler*
                                                               Andrew W. Spangler TX SB #24041960
                                                                    spangler@spanglerlawpc.com
                                                               Spangler Law P.C.
                                                               208 N. Green Street, Suite 300
                                                               Longview, TX 75601
                                                               Telephone: (903) 753-9300
                                                               Facsimile: (903) 553-0403

                                                               Stamatios Stamoulis DE SB #4606
                                                                   stamoulis@swdelaw.com
                                                               Richard C. Weinblatt DE SB #5080
                                                                   weinblatt@swdelaw.com
                                                               Stamoulis & Weinblatt LLC
                                                               Two Fox Point Centre
                                                               6 Denny Road, Suite 307
                                                               Wilmington, DE 19809
                                                               Telephone: (302) 999-1540
                                                               Facsimile: (302) 762-1688

                                                               *Attorneys for Plaintiff*
                                                               *Penovia LLC*

## **TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ...................................................... 1

II. SUMMARY OF ARGUMENT ............................................................................... 1

III. STATEMENT OF FACTS ...................................................................................... 1

IV. ARGUMENT ............................................................................................................ 2

A. LEGAL STANDARD ............................................................................................. 2

B. DEFENDANT'S COUNTERCLAIM IS DEFICIENT ........................................... 3

V. CONCLUSION ........................................................................................................ 5

# TABLE OF CITATIONS

<u>**Page(s)**</u>

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ............................................ 2, 3, 4

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620
    (S.D.N.Y. 2008) ..................................................................................................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 2, 4

*Collins & Aikman Corp. v. Stockman*, C.A. No. 07-265-SLR-LPS, 2010
    WL 184074 (D. Del. Jan. 19, 2010) ............................................................................ 2

*Erickson v. Pardus*, 551 U.S. 89 (2007) ..................................................................... 2, 3, 4

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ............................................ 2, 3

*Jones v. Aramark Corp.*, C.A. No. 09-846-SLR, 2010 WL 180941 (D.
    Del. Jan. 14, 2010) ..................................................................................................... 2, 3

*Odd v. Malone*, 538 F. 3d 202 (3d Cir. 2008) ...................................................................... 2

*Sorensen v. Spectrum Brands, Inc.*, 09 CV 58, 2009 WL 5199461 (S.D.
    Cal. Dec. 23, 2009) .................................................................................................... 4

*Sun Valley Bronze, Inc. v. Nobilus, LLC*, No. CV 08-345-S-EJL, 2008
    WL 5234055 (D. Idaho Dec. 12, 2008) ..................................................................... 5

*Victaulic Co. v. Tieman*, 499 F.3d 227 (3d Cir. 2007) ....................................................... 2

*Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671 SI, 2011 WL
    3206686 (N.D. Cal. July 27, 2011) ............................................................................ 4

**Statutes**

35 U.S.C. § 101 ............................................................................................................... 3, 4

35 U.S.C. § 102 ............................................................................................................... 3, 4

35 U.S.C. § 103 ............................................................................................................... 3, 4

35 U.S.C. § 112 ............................................................................................................... 3, 4

**Rules**

Fed. R. Civ. P. 8 .................................................................................................................. 2

Fed. R. Civ. P. 12 ................................................................................................................ 2

## I. NATURE AND STAGE OF PROCEEDINGS

Penovia LLC ("Plaintiff") filed a complaint against Griffin Technology Inc. ("Defendant" or "Griffin"). (Dkt. 1, C.A. No. 14-175-JRG). Defendant filed an answer and counterclaims on May 9, 2014. (Dkt. 10, C.A. No. 14-175-JRG.)

## II. SUMMARY OF ARGUMENT

1. Defendants' counterclaim for declaratory judgment of invalidity ("Counterclaim") fails to satisfy Rule 8(a)(2) at least because the counterclaim consists solely of legal conclusions regarding U.S. Patent No. 8,822,221 (the "'221 Patent") without alleging any facts regarding how or why the '221 Patent may be invalid.

2. Defendant's Counterclaim contains no factual allegations regarding either the state of the prior art or the claims of the '221 Patent. The Counterclaim also does not reference any allegedly invalidating prior art or even what statutory provision is the basis for Griffin's claim of invalidity. Thus, the Counterclaim fails to put Plaintiff on fair notice of what the claims are or the grounds upon which they rest, and Defendant has not shown that the Counterclaim is facially plausible.

## III. STATEMENT OF FACTS

Plaintiff filed an action against Defendant alleging it infringes the '221 Patent. (Dkt. 1, C.A. No. 14-175-JRG.) On May 9, 2014, Defendant filed its answer and counterclaims. (Dkt. 10, C.A. No. 14-175-JRG.)

In its counterclaim, Defendant alleges:

> 16. An actual case or controversy exists between Penovia and Griffin as to whether the claims of the '221 Patent are invalid.
> 17. A judicial declaration is necessary and appropriate so that Penovia and Griffin may ascertain their respective rights as to whether the claims of the '221 Patent are invalid.

        18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Griffin is entitled to a finding that the claims of the '221 Patent are invalid.

(Dkt. 10, C.A. No. 14-175-JRG.)

### IV.    ARGUMENT

#### A.    Legal Standard

When deciding motions to dismiss under FED. R. CIV. P. 12(b)(6), courts look at the allegations of the complaint to determine if "enough facts to state a claim to relief that is plausible on its face" are alleged, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007, and a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009. A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007; *see also Odd v. Malone*, 538 F. 3d 202, 207 (3d Cir. 2008. However, a plaintiff must nevertheless allege facts that "'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact.) *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007 (quoting *Twombly*, 550 U.S. at 555); *Collins & Aikman Corp. v. Stockman*, C.A. No. 07-265-SLR-LPS, 2010 WL 184074 at *3 (D. Del. Jan. 19, 2010. Similarly, the "short and plain statement" of FED. R. CIV. P. 8(a) requires the plaintiff give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson*, 551 U.S. at 93. Moreover, a pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Therefore, a district court should conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Iqbal*, at 1949-50; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009; *Jones v. Aramark Corp.*, C.A. No. 09-846-SLR, 2010 WL 180941, at *1 (D. Del. Jan. 14, 2010.)  First, "the District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 210-11 (quoting *Iqbal*, 129 S. Ct. at 1949-50); *Aramark Corp.*, 2010 WL 180941 at *1.

### B.    Defendant's Counterclaim Is Deficient

Defendant's Counterclaim contends the '221 Patent is invalid.  (Dkt. 10, C.A. No. 14-175-JRG, at ¶¶ 16-18.)  Defendant's allegations contain no supporting facts and instead contain a legal conclusion without even citing to any provisions of the United States Code.

The Counterclaim cannot be said to give Plaintiff fair notice of what the claims are since no basis for the alleged invalidity is given.  Rule 8(a)(2) requires that each claim indicate where Plaintiff's investigation should begin by providing "notice of what the claim is" within the required short and plain statement.  *See Erickson*, 551 U.S. at 93.  Without reciting a single element of a single invalidity defense, Defendant's pleadings do not rise to the level of a "threadbare recital of the elements of a claim, supported by mere conclusory statements" that the Supreme Court in *Iqbal* deemed insufficient.  129 S. Ct. at 1949.

Further, the Counterclaim is deficient because it is completely bereft of any facts relevant to the defense of invalidity. With no alleged facts regarding invalidity,[1] there is nothing for the Court to accept as true and the claims cannot be evaluated under the first part of the *Iqbal* test. Defendant must at least put Plaintiff on notice of "the grounds upon which [the claim] rests," and Defendant has failed to do so here. *See Erickson*, 551 U.S. at 93.

Accordingly, Defendant's Counterclaim should be dismissed for failing to state a claim. *See Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671 SI, 2011 WL 3206686 at *6 (N.D. Cal. July 27, 2011) (dismissing declaratory judgment invalidity claims that alleged the patents-in-suit fail "to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112 "because "[t]his bare-bones recitation of statutes does not meet the requirements of *Twombly* and *Iqbal* and does not put defendants on notice of the basis of Xilinx's claims of invalidity." (citation and quotation omitted)); *Sorensen v. Spectrum Brands, Inc.*, 09 CV 58, 2009 WL 5199461 at *1 (S.D. Cal. Dec. 23, 2009) (dismissing counterclaim alleging "[t]he claim of the '184 patent are [sic] invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112" and striking affirmative defense of "One or more claims of the '184 patent are invalid for failure to comply with the conditions of patentability set forth in title 35 of the United States Code, including §§ 101, 102, 103 and/or 112."); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008) (dismissing counterclaims and affirmative defenses contending the patents-in-suit are invalid and/or unenforceable because no facts were alleged to support those contentions);

---

[1] Plaintiff's suing Defendant for patent infringement and Defendant's affirmative defenses are not factual allegations regarding invalidity.

4

*Sun Valley Bronze, Inc. v. Nobilus, LLC*, No. CV 08-345-S-EJL, 2008 WL 5234055 at *3 (D. Idaho Dec. 12, 2008) (dismissing invalidity claim because "[m]erely citing to the sections of Title 35 that may or may not ultimately deem [the patent-in-suit] valid or invalid fails to allege sufficient facts to state a claim for relief that is plausible on its face.").

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss Defendant's Invalidity Counterclaim should be granted.

Dated: June 2, 2014

*/s/Andrew W. Spangler*
Andrew W. Spangler TX SB #24041960
    spangler@spanglerlawpc.com
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, TX 75601
Telephone: (903) 753-9300
Facsimile: (903) 553-0403

Stamatios Stamoulis DE SB #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt DE SB #5080
    weinblatt@swdelaw.com
Stamoulis & Weinblatt LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688

*Attorneys for Plaintiff
Penovia LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served June 2, 2014, with a copy of this document via the Court's CM/ECF system.

*/s/ Andrew W. Spangler*
Andrew W. Spangler TX SB #24041960